# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>                    Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>                    Plaintiff,<br><br>vs.<br><br>JACE T. MCDONALD and ADAMS EZ TAX, LLC,<br><br>                  Defendants. | Adversary Proceeding<br>Case No. 19-51040 (JKS)<br><br>**Ref. Docket No. 28** |

## JUDGMENT BY DEFAULT

Upon the *Plaintiff's Motion for Default Judgment* (the "Motion") pursuant to Bankruptcy Rule 7055 for the entry of a judgment by default against defendants Jace T. McDonald and Adams EZ Tax, LLC (each a "Defendant," and collectively, the "Defendants") with respect to the *Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers, and for Equitable Subordination, for Sale of Unregistered Securities, for Fraud, and for Aiding and Abetting Fraud* [Adv. Docket No. 1] (the "Complaint")[2] and the *Entry of Default* entered by the Clerk of Court [Adv. Docket No. 17]; and adequate notice of the Motion having been given and it appearing in the circumstances that no other or further notice is required; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Complaint.

and 1334; and Defendants having failed to answer or otherwise respond to the Complaint within the applicable deadline; and the entry of a judgment by default being proper against Defendants; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 7055(b)(2), judgment by default ("Judgment") shall be entered against Defendants with respect to all claims for relief asserted in the Complaint.

3. Judgment is awarded in favor of Plaintiff and against Defendant on the first claim for relief, (a) avoiding the 90 Day Transfers free and clear of any interest of Defendants, (b) directing that the 90 Day Transfers be set aside, and (c) ordering Defendants to pay to Plaintiff $6,727.79.

4. Judgment is awarded in favor of Plaintiff and against Defendant on the second and third claims for relief, (a) avoiding the Two Year Transfers free and clear of any claimed interest of Defendants, (b) directing that the Two Year Transfers be set aside, and (c) ordering Defendants to pay to Plaintiff $146,392.58.

5. Judgment is awarded in favor of Plaintiff and against Defendant on the fourth and fifth claims for relief, (a) avoiding the Four Year Transfers free and clear of any claimed interest of Defendants, (b) directing that the Four Year Transfers be set aside, (c) ordering Defendants to pay to Plaintiff $155,270.08.

6. Judgment is awarded in favor of Plaintiff and against Defendant on the sixth claim for relief, sustaining the objection to the Claims, decreeing that Defendants take nothing therefrom, and directing the Claims Agent to strike the Schedule F claims from the official Claims Register as set forth in more detail in Exhibit A to the Complaint.

7. Judgment is awarded in favor of Plaintiff and against Defendant on the seventh claim for relief, equitably subordinating any and all claims that Defendants may assert against any of the Debtors or their estates, whatever the origin of those claims, including, without limitation, the Claim and any claims that may be asserted under Bankruptcy Code section 502(h), to all other claims against the Debtors or their estates.

8. Judgment is awarded in favor of Plaintiff and against Defendant on the eighth claim for relief, holding Defendants, jointly and severally liable for damages, in the amount of $4,408,678.21 for sale of Notes and/or Units as set forth in Exhibit C to the Complaint, or in an amount to be proven at trial, arising from Defendant's sale of unregistered securities.

9. Judgment is awarded in favor of Plaintiff and against Defendant on the ninth claim for relief, holding Defendants jointly and severally liable for fraud, for $4,408,678.21 for sale of Notes and/or Units as set forth in Exhibit C in an amount to be proven at trial.

10. Judgment is awarded in favor of Plaintiff and against Defendant on the tenth claim for relief, holding Defendants jointly and severally liable for aiding and abetting fraud, in the amount of $4,408,678.21 for sale of Notes and/or Units as set forth in Exhibit C to the Complaint, or in an amount to be proven at trial.

11. Judgment is awarded on all claims for relief, awarding Plaintiff prejudgment interest as permitted by law, costs of suit, and such other and further relief as is just and proper.

12. The Plaintiff is authorized and empowered to take any and all actions necessary or appropriate to consummate, carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of this Judgment.

13. The Clerk of Court is authorized and directed to take any action that is necessary and appropriate to give effect to this Judgment.

DOCS_DE:232515.3 94811/003

5

14. This Court shall retain jurisdiction and power over any and all matters arising from or related to the interpretation or implementation of this Judgment.

**Dated: January 12th, 2022**  
**Wilmington, Delaware**

**J. KATE STICKLES**  
**UNITED STATES BANKRUPTCY JUDGE**